# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILSON K. BAQUERO,<br><br>        **Plaintiff,**<br><br>        v.<br><br>JENNIFER MENDOZA, *et al.*,<br><br>        **Defendants.** | No. 18–cv–15081 (KM)(MAH)<br><br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Wilson K. Baquero brings this lawsuit, *pro se*, against Jennifer Mendoza, the Florida Department of Revenue, Senior Probation Officer Christine Tardif, Judge Arthur M. Birken, Child Support Hearing Officer Konstantin Feldman, Judge Linda Mallozzi, and Judge Thomas K. Isenhour, challenging state court rulings regarding his child support obligations. Currently before the Court are three motions to dismiss the complaint: one filed by Judge Birken (DE 8), another filed by the Florida Department of Revenue (DE 15), and the third filed by Konstantin Feldman, Judge Isenhour, Judge Mallozzi, and Christine Tardif (DE 25).[1]

For the reasons stated herein, I will grant the defendants' motions and dismiss the complaint. In short, a defendant dissatisfied with the results of a state court case must file an appeal in state court; such a defendant cannot ordinarily obtain relief by suing the judge and court personnel.

---

[1] Record items will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated.

    "DE __" =    Docket Entry in this case

## I.   BACKGROUND

Mr. Baquero filed his complaint with this Court on October 17, 2018. (DE 1). For purposes of a Rule 12(b)(6) motion, the allegations of the complaint are assumed to be true. *See* Section II, *infra*.

Mr. Baquero alleges that he was not allowed "to speak or be heard" when his property was deprived. (DE 1 at 3). While not directly apparent from the complaint, the attachments to the complaint indicate that the alleged deprivation of property takes the form of state court orders from Florida and New Jersey that found Mr. Baquero to owe and be in arrears for child support payments. (DE 1-1 at 1–10).

Specifically, on June 28, 2012 Judge Arthur M. Birken of the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, issued an order and final judgment that found Mr. Baquero in arrears for child support in the amount of $6,890.00. (DE 1-1 at 1–10). Going forward, Mr. Baquero would owe $266.00 per month as of August 1, 2012, for his ongoing child support obligations and $35.00 per month towards the arrearage. (DE 1-1 at 5, 6). According to the final judgment of support, Mr. Baquero appeared at the final hearing by telephone, and he was served and filed an answer. (DE 1-1 at 3). The court found that paternity was previously established by a paternity affidavit and therefore was not an issue in the case. (*Id.*).

Separately, Mr. Baquero appears to have challenged his child support obligations in New Jersey state court. (*See* DE 1-3) He attached to his complaint various filings from 2018 that he submitted to the Family Division and Appellate Division of the Superior Court of New Jersey. (*Id.*; DE 1-4; DE 1-5; DE 1-6; DE 1-7). He also attached a single page excerpt from what appears to be a New Jersey state court order dated May 23, 2018 that describes an enforcement application from the probation office and recites the following: "The Defendant [Mr. Baquero] provided an Order from Florida dated 5/11/17 which stated that the case in Florida which is being enforced in New Jersey had been dismissed without prejudice on 5/11/17. The matter shall be relisted before the Court to determine whether [Mr. Baquero's] child support obligation

including payment of arrears has been terminated in Florida. The collection and enforcement of Defendant's child support obligation shall be suspended pending determination of the status of the case in Florida." (DE 1-3 at 40).

The Florida Department of Revenue attached to its motion to dismiss the most recent order from the New Jersey Chancery Court, signed by Judge Isenhour and dated September 24, 2018. (DE 15-3).[2] This order indicates that Mr. Baquero owes arrears in the amount of $22,132,39 as of September 24, 2018, and that two or more missed future payments may result in the issuance of a warrant without further notice. (*Id.*). It also says that Mr. Baquero appeared at a September 24, 2018 hearing and that the court denied his application to dismiss enforcement of his child support obligations, which Mr. Baquero had challenged on the basis of his original support order having allegedly been dismissed in Florida. (*Id.*).

Defendant Judge Birkin presided over Mr. Baquero's child support case in the Seventeenth Judicial Circuit in Broward County, Florida. Mr. Baquero also lists the Florida Department of Revenue as a defendant. The New Jersey state defendants include Judge Isenhour, Judge Mallozzi, Senior Probation Officer Christine Tardif, and Child Support Hearing Officer Konstantin Feldman. Defendant Jennifer Mendoza has not appeared in this case, although from what can be gleamed from the pleadings, she is the mother of Mr. Baquero's child.

Mr. Baquero seeks vacatur of the orders that require him to pay child support, return of the funds he has already contributed to child support, and money damages from the individual defendants. (DE 1 at 4). Mr. Baquero's claims may be interpreted as having been brought under 42 U.S.C. § 1983. The defendants move to dismiss the complaint on a variety of grounds.

---

[2]     On a Rule 12(b)(6) motion, a court may consider documents extrinsic to the complaint if they are integral to the allegations in the complaint and involve matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007).

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437–38 (D.N.J. 1999). Rule 12(b)(1) challenges are either facial or factual attacks. *See* Moore's Federal Practice § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.* The jurisdictional arguments made here are based on the allegations of the complaint. Accordingly, the Court will take the allegations of the complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712

F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Moreover, where a plaintiff, like Mr. Baquero, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III.   DISCUSSION

### A. Eleventh Amendment Sovereign Immunity

The state defendants in this action assert that federal subject matter jurisdiction is lacking because they, in their official capacities, enjoy Eleventh Amendment immunity.

The Eleventh Amendment to the U.S. Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI. The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from bringing suits for damages against any State in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 908 (1984); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355 (1974); *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S. Ct. 504, 505 (1890). Although Congress may in some

circumstances possess the power to override a state's sovereign immunity, it did not do so when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Monetary claims for deprivations of civil rights under Section 1983 are therefore subject to the Eleventh Amendment sovereign immunity bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58 (1989).

As judicial officers and employees of the state courts in New Jersey and Florida, Judges Birken, Mallozzi, Isenhour, Senior Probation Officer Christine Tardif, and Child Support Hearing Officer Konstantin Feldman are within the protection of the Eleventh Amendment. *See Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[T]he state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment....") (citing *Johnson v. State of N.J.*, 869 F. Supp. 289, 296–98 (D.N.J. 1994)).

The same can be said as to the Florida Department of Revenue. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 F. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)); Fla. Stat. § 20.21 (creating Florida Department of Revenue); *Camm v. Scott*, 834 F. Supp. 2d 1342, 1349 (M.D. Fla. 2011) (finding that federal subject matter jurisdiction was absent because "the Eleventh Amendment applies to. . . the Florida Department of Revenue.").

None of the state defendants have waived their Eleventh Amendment immunity as to any of the claims in this case. Consequently, to the extent that Mr. Baquero seeks money damages from the state defendants, the Eleventh Amendment bars suit against them. I will therefore dismiss the complaint pursuant to Rule 12(b)(1) on this ground.[3]

---

[3]     Relatedly, such State officials are not considered "persons" amenable to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

## B. Judicial Immunity

Judges Birkin, Isenhour, and Mallozzi assert that they are entitled to judicial immunity for any alleged act taken in their judicial capacity, which are the only acts identified by the plaintiff. (DE 8 at 4; DE 25-2 at 20). I agree and will dismiss the complaint as to the judicial defendants on this alternative basis.

Judges have absolute judicial immunity from suit for compensatory or punitive damages based on the performance of their judicial functions. *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S. Ct. 1108, 1115 (1983) ("state judges are absolutely immune from liability for their judicial acts"); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts."). Judicial immunity is intended to provide judges with the ability to act impartially and without fear of reproach in the form of a civil suit for money damages. *Ferri v. Ackerman*, 444 U.S. 193, 203, 100 S. Ct. 402, 408 (1979). This immunity is necessary to assure that judges can perform their judicial function "without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512, 98 S. Ct. 2894, 2913 (1978).

A judge "will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the clear absence of all jurisdiction." *Azubuko*, 443 F.3d at 303 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099 (1978)). All of the allegations in the complaint relate to actions taken by the judicial defendants in their capacity as judges—specifically, those they took in their judicial capacities overseeing Mr. Baquero's child support obligations.

Mr. Baquero has not set forth any allegations that would tend to indicate that the judicial defendants' actions were taken in the clear absence of jurisdiction or were not adjudicatory in nature. *See Azubuko*, 443 F.3d at 303. Rather, Mr. Baquero asserts that the judges violated his rights by issuing

orders that are erroneous or against his interests. Consequently, the judicial defendants have absolute immunity from the allegations Mr. Baquero presents in his complaint.

### C. Quasi-Judicial Immunity

Defendants Tardif and Feldman, as the Senior Probation Officer and Child Support Hearing Officer, respectively, of the New Jersey state court Family Part, assert that they are entitled to quasi-judicial immunity because their alleged involvement comprises carrying out facially valid court orders pursuant to their job performance as state judicial employees. (DE 25-2 at 23). I agree that they are entitled to quasi-judicial immunity and will alternatively dismiss the complaint as to them on this basis.

It is not clear what defendants Tardif and Feldman have done to violate Mr. Baquero's rights. Rather, it appears from the allegations that these defendants carried out tasks as part of their job responsibilities working for the New Jersey state courts, and therefore ought to be entitled to absolute quasi-judicial immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3d Cir. 2000) (Deputy Court Administrator entitled to quasi-judicial immunity); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (same for judicial employees).

### D. Failure to State a Claim

The defendants assert in the alternative that Mr. Baquero's complaint fails to satisfy federal pleading requirements. I agree and will dismiss the complaint on this basis as well. Even a *pro se* complaint must give the defendants fair notice of what a plaintiff's claim is and the grounds upon which it rests. *See* Section II, *supra*; *Schulsinger v. Perchetti*, No. 15-5752, 2016 WL 475303, at *3 (D.N.J. Feb. 8, 2016). This complaint fails to meet these minimal standards.

Mr. Baquero broadly challenges his child support obligations and states that his rights were violated but does not state with specificity the grounds for his challenge. While he does assert that he was not allowed "to speak or be heard" in connection with the deprivation of his property, he does not state

with particularity when he was prevented from speaking, who prevented him from doing so, and the legal relevance of this assertion. Moreover, this notion is at odds with the orders in the record which indicate that Mr. Baquero made appearances in front of the courts that ordered his child support obligations. For example, Judge Birken's June 2012 order from the Florida Circuit Court says that Mr. Baquero appeared by telephone at the June 2012 hearing and filed an answer in that case. (DE 1-1 at 3). Additionally, Judge Isenhour's order from the New Jersey Chancery Court indicates that Mr. Baquero appeared in person at the September 24, 2018 hearing in which the court confirmed his child support obligations and denied his challenge. (DE 15-3 at 2).

Without Mr. Baquero describing in detail why he believes he is not responsible for his child support obligations or how his rights were allegedly violated, the defendants are not properly on notice of the nature of his claims. In other words, it is unclear what legal cause of action Mr. Baquero might be asserting. Consequently, I will also dismiss Mr. Baquero's complaint pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

For the reasons stated in this Opinion, I will dismiss plaintiff's complaint.[4] This initial dismissal is entered without prejudice to the filing of a properly supported motion for leave to amend the complaint within 30 days. An appropriate Order follows.

Dated: August 6, 2019

*Kevin McNulty*

HON. KEVIN MCNULTY, U.S.D.J.

---

[4]    I do not reach the defendants' arguments regarding the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is not clear whether there has been a final judgment in the New Jersey state courts.